UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL G SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-69 |
| | § | |
| CANDANCE R MOORE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND**

Plaintiff Daniel G. Sanchez is a Texas inmate appearing *pro se* and *in forma pauperis*. He is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (D.E. 18).

**I.    BACKGROUND**

In this civil rights action, Plaintiff names the following McConnell Unit officials: (1) Law Librarian Candance R. Moore; (2) Officer Megan R. Thompson; (3) Senior Warden Philip J. Sifuentes; (4) Medical Director Dr. Isaac Kwarteng; and (5) Medical Administrator Tanya Lawson. He claims that his constitutional rights were violated in connection with Defendants' failure to issue him a medical pass or otherwise allow him to use the restroom during his set time in the McConnell Unit's law library. Plaintiff seeks injunctive relief.

1 / 10

A *Spears*[1] hearing was conducted with respect to Plaintiff's allegations on March 18, 2019. On April 8, 2019, Plaintiff filed a motion to either amend or supplement his complaint by adding claims of harassment and retaliation against Defendants Moore and Thompson. (D.E. 12). Plaintiff alleged that, on April 2, 2019, Defendants Moore and Thompson targeted Plaintiff by forcing him to work at a table with three other inmates and no typewriter. (D.E. 12, p. 1). Plaintiff further alleged he was also denied access to the typewriter table. (D.E. 12, p. 2). The undersigned granted Plaintiff's motion to supplement or amend his complaint, and his letter motion was filed as his Supplemental Complaint. (D.E. 14).

On May 14, 2019, the undersigned issued a Memorandum and Recommendation (M&R), construing Plaintiff's complaint and *Spears* hearing testimony as asserting a due process violation as well as claims of denial of access to the courts and deliberate indifference to his serious medical needs. The undersigned nevertheless recommended that Plaintiff's complaint be dismissed with prejudice as frivolous and/or for failure to state a claim for relief. (D.E. 15).

## II. Plaintiff's Motion to Amend Complaint

Plaintiff has filed a second motion seeking leave to file an amended complaint. (D.E. 18). In his proposed amended complaint, Plaintiff names the same five defendants. (D.E. 18-1, p. 5). On August 1, 2019, the undersigned conducted a second *Spears* hearing with respect to Plaintiff's allegations advanced in his proposed amended

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

complaint. The following representations were made either at the second *Spears* hearing or in Plaintiff's proposed amended complaint (D.E. 18-1).

Plaintiff arrived at the McConnell Unit on February 28, 2014. For the nine previous years, Plaintiff was housed at the Robertson Unit where he suffered from frequent urination. In 2007, Plaintiff was diagnosed with Type II diabetes. Plaintiff takes Metformin to help control blood sugar. On June 14, 2017, Plaintiff was diagnosed with renal failure, or chronic kidney disease. Due to Plaintiff's chronic medical conditions and medications, he sometime needs to go to the bathroom up to six times an hour. Defendants Moore and Thompson allow prisoners to go to the bathroom, however, they may not return to the prison law library after taking a bathroom break. Should a prisoner request to use the restroom, the prisoner must sign out of the law library which results in the automatic termination of his session. Plaintiff complains this policy is not a TDCJ policy and is not posted at the law library for prisoners to read and follow.

After questioning the restroom policy in the law library and filing this civil rights action, Plaintiff believes he was subjected to retaliation by Defendant Thompson who Plaintiff alleges brought a false disciplinary action against Plaintiff. On May 8, 2019, while he was in line to sign in for his morning law library session, Plaintiff set his ID card on the counter next to Defendant Thompson, who then reportedly took the ID card off the counter. Plaintiff alleges Defendant Thompson lost control of the ID card and it hit her arm. She then told Plaintiff that she would return the ID Card to Plaintiff when she found it.

Plaintiff takes an anti-depressant medication which makes him prone to anxiety attacks. Plaintiff panicked and begged for the return of his ID Card. According to Plaintiff, he "lost it" and demanded the return of his ID card in a loud voice. Plaintiff was told to leave the law library. Plaintiff was eventually handcuffed and taken to the medical and mental health department for evaluation.

Plaintiff was charged in Disciplinary Case 20190218039 with assaulting Defendant Thompson with his state ID card and with failing to obey multiple orders. According to Plaintiff, two inmates provided statements at his disciplinary hearing that refuted Defendant Thompson's statements. Plaintiff complained that he was found guilty on all charges solely on Defendant Thompson's report and the fact the two inmate witness statements were ignored. Plaintiff claims there was not enough evidence to support the guilty findings. Plaintiff was punished as follows: (1) "downgrade earning status"; (2) line classification lowered S-3 to S-4; and (3) 45 days of phone, commissary and recreation restrictions.

Plaintiff claims that Defendant Thompson misused her authority to deny Plaintiff general access to the restroom despite her knowledge of Plaintiff's medical conditions and medications prescribed to him. He further challenges the failure of Defendants Thompson, Moore, and Sifuentes to produce proof that TDCJ's policy is to deny prisoner's use of the restroom during their law library time. Plaintiff is currently appealing Disciplinary Case 20190218039.

## II. DISCUSSION

Plaintiff moves to amend his complaint under Rule 15(a) of the Federal Rule of Civil Procedure. (D.E. 18). This rule provides that a party may amend his pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, a "party may amend its pleading only with the opposing party's written consent or the court's leave" [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Determining when "justice so requires" rests within the sound discretion of a district court. *See Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1162 (5th Cir. 1982) (citations omitted). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne,* 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading,* 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp., et al.,* 3 F.3d 137, 139 (5th Cir. 1993).

The record reflects that Plaintiff has already amended his complaint as a matter of course through his Supplemental Complaint (D.E. 12). Plaintiff's new claims stem from events that occurred after the filing of his original complaint and out of separate transactions and occurrences as compared to his due process, denial of access to courts,

and deliberate indifference claims. *See* Fed. R. Civ. P. 20(a) (allowing the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants). Plaintiff may not seek to add his new claims to this case. Moreover, as discussed below, Plaintiff's amendment is futile as his new claims fail to state a claim for relief.

### A. Retaliation

Plaintiff claims that Defendant Thompson brought a false disciplinary case against Plaintiff in retaliation for Plaintiff's questioning of the restroom policy in the law library and filing of this civil rights action. Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686. Thus, "[a] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not

retaliate against inmates for engaging in such protected inmates." *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (citing *Morris*, 449 F.3d at 684).

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Jones*, 188 F.3d at 325. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.* In other words, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred. *Woods*, 60 F.3d at 1166.

Plaintiff primarily relies on his personal belief that Defendant Thompson brought a disciplinary case against him in retaliation for Plaintiff complaining about the informal restroom policy and filing of his civil rights action. Plaintiff, however, fails to offer any specific facts to suggest that Defendant Thompson acted in retaliation to any one of his complaints or the filing of this civil rights action. *See Ybarra v. Hurley*, No. 9:09cv212, 2010 WL 2432376, at *4 (E.D. Tex. May 13, 2010) (finding that prisoner had offered no facts "beyond the simple fact that he filed a grievance in July of 2009 and then experienced an adverse event in October of 2009 as proof that the two situations were related).

Furthermore, Plaintiff's allegations indicate that he panicked when his ID card was taken from him and became loud and belligerent when asking for the return of his card from Defendant Thompson. Such allegations suggest that Defendant Thompson and other prison officials took appropriate action in bringing a disciplinary case against Plaintiff. At a minimum, they fail to show that, but for some retaliatory motive, the disciplinary action filed against Plaintiff would not have occurred. Accordingly, the undersigned finds that Plaintiff's retaliation claim fails to state a claim for relief, and that the proposed amendment to the complaint is futile.

B. **Due Process**

Liberally construed, Plaintiff claims his due process rights were violated when he was found guilty without sufficient evidentiary support in Disciplinary Case 20190218039 for assaulting Defendant Thompson with his state ID card and for failing to obey multiple orders. Plaintiff was punished as follows: (1) "downgrade earning status";

(2) line classification lowered S-3 to S-4; and (3) 45 days of phone, commissary and recreation restrictions.

Plaintiff's claims are barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck*, 512 U.S. at 486-87.

The Fifth Circuit has explained that "[i]t is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted . . . .'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87). The *Heck* doctrine also operates to bar prisoners from seeking injunctive relief or otherwise challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims for injunctive relief that were fundamentally intertwined with his request for restoration of good-time credits).

Plaintiff's disciplinary case was neither overturned by direct appeal nor set aside in the federal habeas corpus case filed in this Court. Because Plaintiff has not

successfully had Disciplinary Case 20190218039 reversed, he cannot state a claim for relief with regard to his due process claim against Defendant Thompson. Therefore, his proposed amendment to the complaint in this regard is futile.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 15(a) Motion for Leave to File an Amended Complaint (D.E. 18) is **DENIED** because: (1) Plaintiff seeks to add new claims arising after the filing of his original complaint and out of separate transactions and occurrences as compared to his claims asserted in his original complaint; and (2) any new claims would be futile for failure to state a claim for relief. Plaintiff may pursue these claims in a separate action.[2]

ORDERED this 19th day of August 2019.

Jason B. Libby
United States Magistrate Judge

---

[2] Plaintiff is cautioned that any new case would be subject to screening and if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).